## ERIE R. CO. et al. v. UNITED STATES.
### Civ. No. 768.

District Court, S. D. Ohio, E. D.
March 24, 1944.

Leo P. Day, of Chicago, Ill., and Samuel P. Delisi, of Pittsburgh, Pa., for plaintiffs.

Robert L. Pierce, Sp. Asst. Atty. Gen., for the Government.

Nelson Thomas, of Washington, D. C., for Interstate Commerce Commission.

G. M. Stephen, of Chicago, Ill., for Summer & Co.

Before ALLEN, Circuit Judge, and UNDERWOOD and DRUFFEL, District Judges.

PER CURIAM.

On October 15, 1943, plaintiffs herein filed their bill of complaint "on behalf of themselves and such other parties who may have an interest herein." Thereafter, an answer was filed on behalf of defendant, The United States of America, and one also on behalf of the Interstate Commerce Commission, as an intervening defendant.

The cause came on for hearing before this statutory three-judge court, on the issues made by the pleadings, on November 15, 1943. It was agreed, in the record, that this was to be a "final hearing" and that the cause should be, and therefore, it is, "finally submitted" for consideration and determination.

The case involves the question of the legality of an order of the Interstate Commerce Commission (hereinafter referred to as the Commission) requiring reductions in certain rates for the transportation of scrap iron between specified points of origin in Indiana and Michigan on the one hand and destinations in Ohio on the other in proceedings before it known as Docket No. 28813, Summer & Company v. Erie R. R. Co. et al. The complainant is a scrap iron broker incorporated under the laws of Ohio, with its residence in the City of Columbus.

The suit is brought by plaintiffs under the Urgent Deficiencies Act, Jud.Code §§ 24 (27), (28), 208, 209, 211, 28 U.S.C.A. §§ 41 (27), (28), 45, 46, 48; 28 U.S.C.A. §§ 42, 43, 44, 47. At the hearing before this court, plaintiffs offered, and without objection there was admitted in evidence, a certified copy of the complete record of the hearing before the Commission.

The grounds upon which plaintiffs attack the Commission's order are twofold, (1) the order is not sustained by any evidence, and (2) the Commission erred in failing to decide the case on the evidence properly before it.

As bearing upon the first ground relied upon by plaintiffs, the following statements appear in the "Report of the Commission." * * * "Complainant relies entirely on the many proceedings wherein the 70 percent basis was prescribed, or reparation was awarded to that basis. * * * The assailed rates compare favorably with other rates between points similarly situated. * * * When we have so clearly indicated that in our opinion rates in excess of the seventy-percent basis in official territory are unreasonable, carriers should not be permitted to refuse to adjust their rates to that basis until they are ordered so to do. * * * Upon the facts of record in the instant proceeding, no other conclusion is warranted. * * * We find that the rates assailed were unreasonable to the extent that they exceeded. * * *" Commissioner Miller dissented, stating his views, referred to later.

At the hearing before this Court, the following statements were made by counsel: Mr. Day: (of Counsel for Plaintiffs) * * * "The complainant before the Commission is a corporation and a scrap iron broker with residence here in Columbus. The grounds upon which the plaintiffs ask the Court to set aside and annul the order of the Commission is that it was made without any evidence to support it; * * * Judge Nevin: Do you mean by that there was no evidence taken at all or do you mean there was evidence taken but nevertheless it was not sufficient to sustain the order? Mr. Day: There was no evidence introduced tending to show unreasonableness in these rates. Judge Allen:

None whatever? Mr. Day: None whatever, and the Commission's report states: 'Complainant relies entirely on the many proceedings wherein the 70 per cent basis was prescribed.' * * * Mr. Pierce: (Counsel for the Government) The only question here presented is as to the validity of the Commission's order prescribing rates for the future, as the plaintiff's counsel has pointed out, for the plaintiffs' carriers as to the scrap iron, after the Commission had found that the present rates were unreasonable. * * * The report of the Commission I must admit is not a masterpiece. * * * As to rates for the future on scrap iron (the Commission) indicated that the rates generally in official territory above the 70 percent basis would be unreasonable, the Commission then stated: 'Upon the facts of record in the instant proceedings no other conclusion is warranted.' * * * Judge Nevin: What were the facts of record, because of which no other conclusion is warranted? Mr. Pierce: The facts of record were these previous cases. Judge Nevin: Isn't that the question before us? * * * Mr. Pierce: I think that is the principal question before you. Judge Allen: Then you are conceding that the Commission decided this case purely based upon a line of decisions in other cases? Mr. Pierce: That is right."

Upon a consideration of the whole of the record, the briefs and arguments of counsel and the applicable law, the court is in accord with the views expressed by Commissioner Miller in his dissenting opinion above referred to. Commissioner Miller stated: "My views respecting proceedings of this nature—involving rates on scrap iron and steel between points in official territory—are set forth by Commissioner Mahaffie in his dissenting expression in Midvale Co., v. Wheeling & L. E. Ry. Co., 231 I.C.C. 734, in which I concurred, and in my dissent in Kasle Iron & Metal Co., v. Wheeling & L. E. Ry. Co., 251 I.C.C. 544. The rates here assailed were and are below sixth class, and the record is replete with evidence showing their reasonableness. The report gives no consideration to this evidence, but, like some of the prior decisions on which it relies, condemns the assailed rates simply because they exceeded or exceed the so-called 70 percent basis. Thus, the long-established sixth-class basis of rates on this important traffic throughout official territory has been, and is being effectively supplanted by another basis, the reasonableness of which has never been determined by an appropriate proceeding dealing with the rates throughout the entire territory and in which all interested shippers and carriers would have had an opportunity to be heard. I submit that the basis here approved is without proper support."

In his dissenting opinion in Kasle Iron & Metal Co. v. Wheeling & L. E. Ry. Co., 1942, 251 I.C.C. 544, Commissioner Miller made the following statement: "* * * The question of defendants' liability for reparation in this case should be determined from a consideration of the evidence presented upon this record. They should not be foreclosed by the mere citation of past decisions based upon other records. This record clearly shows that the rates charged were not unreasonable and that the complaint should be dismissed."

We think that the foregoing conclusion of Commissioner Miller is applicable in the instant case.

It has been many times decided that administrative orders, quasi-judicial in character, are void if a hearing was denied; if that granted was inadequate or manifestly unfair; if the finding was contrary to the "indisputable character of the evidence;" or if the facts found, do not, as a matter of law, support the order made. Interstate Commerce Commission v. Louisville & N. R. R. Co., 227 U.S. 88, 91, 33 S.Ct. 185, 187, 57 L.Ed. 431. In the foregoing case, on page 91 of 227 U.S., at page 186 of 33 S.Ct., 57 L.Ed. 431, the Supreme Court further stated (referring to the statute there under consideration) that "the statute gave the right to a full hearing, and that conferred the privilege of introducing testimony, and at the same time imposed the duty of deciding in accordance with the facts proved. A finding without evidence is arbitrary and baseless."

We think the statement of Commissioner Mahaffie in his dissenting opinion in the case of Midvale Co. v. Wheeling & L. E. Ry. Co. et al., 1939, 231 I.C.C. 734, at pages 739, et seq., is pertinent and applicable here; that is, that "it is doubtful whether the test of the 'rudimentary requirements of fair play' defined in Morgan v. United States, 298 U.S. 468 [56 S.Ct. 906, 80 L.Ed. 1288; Id.], 304 U.S. 1 [58 S.Ct. 773, 999, 82 L.Ed. 1129]" can be met by the Commission proceeding as in the instant case.

In the Morgan case, on its second appearance before the Supreme Court, that court, 304 U.S. 1 at page 22, 58 S.Ct. 773, at page 778, 82 L.Ed. 1129, said: "the maintenance of proper standards on the part of administrative agencies in the performance of their quasijudicial functions is of the highest importance and in no way cripples or embarrasses the exercise of their appropriate authority. On the contrary, it is in their manifest interest."

██ Certain evidence was introduced on behalf of the plaintiffs before the Commission, and the defendants herein contend that this evidence taken in conjunction with the decisions of the Commission upon which the defendants rely establish as a matter of fact that the rates were unreasonable. However, a careful consideration of the record shows that as conceded by counsel for the Commission at the hearing in this court, no evidence was introduced which tends to establish the unreasonableness of the rates. On the contrary, the decision of the Commission recognizes that the evidence establishes that the rates are reasonable; but on the basis of its decisions in other cases, it held that the rates were unreasonable. This constituted prejudicial error. A decision which is not grounded on evidence fails to apply the standard of "full hearing" set by Congress as a guide to the Commission in the performance of its quasi-judicial duties., Title 49 U.S.C. § 15 (1), 49 U.S.C.A. § 15 (1). Here it is impossible to say that the legislative standard has been properly applied. Cf. United States v. Carolina Freight Carriers Corporation, 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971.

██ Upon the record here presented, the court finds that the order of the Commission is not sustained by any evidence. Since an essential finding has been made without supporting evidence, the action of the Commission was arbitrary and must be reversed. Interstate Commerce Commission v. Louisville & Nashville Rd. Co., supra.

The court further finds and concludes that so much of the prayer of plaintiffs' Bill of Complaint as reads as follows: "That upon final hearing of this cause, a permanent injunction shall be issued, decreeing that said order of the Commission, as aforesaid, is null and void and is set aside, annulled and suspended, and that its enforcement, execution and operation shall be forever enjoined, and that the United States of America shall be restrained from taking any steps or instituting or prosecuting any proceedings to enforce the said order," should be, and it is, granted.

The plaintiffs are directed to present findings of fact and conclusions of law in accordance with this opinion.

An order may be drawn and submitted accordingly.